UNITED STATES of America, Appellee,

v.

James GALIONE, also known as Froggy, also known as Jimy Frogs, Michael Derosa, also known as Mikey Flattop, Ronald Moran, also known as Messy Marvin, James Lewis, also known as Jimbo, Peter Gubitosi, Russell Carlucci, Joseph Valenti, also known as Joe V., Roman Kitroser, Joseph Mongelli, also known as Squiggy, also known as Joey Squigman, Sabastian Fonterosa, also known as Sal, Michael Shudy, Jarrod Beinerman, Joseph Pasquence, Patrick Pasquence, Daniel Meli, Anna Langella, Vincent Ferraro, John Dippalito, John Portuesi, Michael Lennino, also known as Satch, Justin Porcellini, Pasquale Maraglio, also known as Stretch, Steven Iorio, Christopher Cappola, Vincent Lino, Phil Negliachio, Anthony Gonzalez, also known as Gonzo, Michael Yammine, John Yammine, Francis Pedone, Gina Braverman, Mario Reparto, Antonio Della Vecchia, Pietro Pinto, also known as Peter Meter, Defendants,

Robert Gorglione, also known as Rags, Defendant–Appellant.

No. 07–4536–cr.

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

Joshua C. Klein (Allan N. Taffet, on the brief), Duval & Stachenfeld LLP, New York, N.Y., for appellant.

Moe Fodeman, Assistant United States Attorney (Jo Ann M. Navickas, James P. Loonam, Assistant United States Attorneys, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant, Robert Gorglione appeals from an October 16, 2007 judgment of the United States Court for the Eastern District of New York (Korman, J.) convicting him of violating the terms of his supervised release. Pursuant to 18 U.S.C. § 4244, the district court ordered Gorglione hospitalized for mental health treatment "until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment of five (5) years, whichever occurs earlier." We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

Upon review of the record, we conclude that Gorglione's due process claim fails because it relies on his contention that the district court found that he violated the supervised release condition of "commission of another federal, state, or local crime," rather than "failure to participate in mental health treatment." However, adopting this viewpoint would require us to ignore the district court's judgment, which notes the sole reason for revocation as "failure to participate in mental health treatment," and its statements during court proceedings, in the face of Gorglione's objections to a finding of a violation based on commission of a crime, that it had an alternative basis on which to revoke Gorglione's supervised release. Although the district court did not hold a formal hearing regarding Gorglione's failure to participate in mental health treatment, Gorglione never raised an objection to the absence of a hearing and the record is clear that he failed to take his medication. Accordingly, we conclude that there was no plain error. *See United States v. Joseph*, 542 F.3d 13, 25 (2d Cir. 2008). Further, to the extent that the district court placed undue emphasis on the alleged crime, any error in failing to explicitly engage in the interest-of-justice determination of Rule 32.1 of the Federal Rules of Criminal Procedure is harmless. *See United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir.2004), *abrogated on other grounds as recognized in United States v. Fleming*, 397 F.3d 95, 99 n. 5 (2d Cir.2005).

We have considered all of Gorglione's other arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.